H. F. HAMEL v. ROSE P. WHITNEY.

176 So. 848.

Division A.

Opinion Filed November 6, 1937.

Rehearing Denied November 27, 1937.

*Carrol Dunscombe,* for Appellant;

*Denison & Sample,* for Appellee.

PER CURIAM.—The appeal is from an order denying motion to dismiss bill of complaint and from an order granting

motion to strike parts of defendant's answer and counter-claim.

Appellant has stated in brief sixteen questions which are argued in the brief.

As many of the questions stated find no substantial basis in the record, we shall not discuss them.

The bill was to foreclose two mortgages and certain tax sale certificates which were purchased as is alleged to protect complainant's security. The bill of complaint is sufficient to withstand motion to dismiss.

The allegations of the counterclaim which were stricken were in the following language:

"And for further answer to said bill, this defendant shows the Court that he, together with the said Souter and Taylor, jointly, purchased the said described lands from I. E. Whitney in 1925, as alleged and gave the purchase money mortgages to secure their notes for the balance of said purchase price. That the aforesaid purchasers conveyed said lands to defendant, Golfview, Inc.; that the said Whitney sold said lands to these mortgagor defendants, with the understanding and agreement that said defendants could plat, or cause to have platted, and subdivide said lands, and that these mortgagor defendants did, in compliance with said agreement, cause to have said property subdivided by Golfview Syndicate and conveyed said property to said Golfview Syndicate as the plat of Golfview on to-wit, April 1st, 1925, as will more fully appear from a copy of said plat attached to the answer of E. Svilokos, filed in this cause and by reference thereto made a part of this answer.

"L. E. Whitney ratified said agreement and caused to have released from said mortgage certain of the lots on said plat, a copy of said release being attached to the answer of

E. Svilokos, filed in this cause and by reference thereto made a part of this answer.

"That thereafter, this plaintiff did on to-wit: December 3rd, 1928, sue this defendant, together with the said Souter and Taylor, at law on the third note of these two series of mortgage notes. That at the time of said lawsuit the makers of said mortgage notes had theretofore conveyed their interest in said lands and did not hold title to said lands at the time of starting said lawsuit, as the mortgagee, I. E. Whitney, and those claiming through him, well knew because said conveyances were of record and because the said I. E. Whitney had entered into said joint adventure agreement with Golfview Syndicate who held the title to said lands. That at the time of said lawsuit this plaintiff held all the unpaid notes and all of said notes were past due at that time, and the mortgage notes the plaintiff is now suing on were the second of said series and were due one year before the notes sued on in said lawsuit, and that her entire cause of action was therefore included in said lawsuit against the makers of said mortgage notes.

"That this plaintiff did obtain a judgment in said lawsuit against this defendant and J. E. Taylor and J. W. Souter, in the sum of $17,318.00 plus costs of $15.15, said judgment being recorded in Default and Final Judgment Book 1, at page 233, Martin County Records. That thereupon this defendant, and J. W. Souter, paid the plaintiff for a release from said judgment and thereby said judgment was satisfied and as to this plaintiff and this defendant, together with the joint makers of said mortgage notes were subrogated to the rights of the plaintiff under said mortgage.

"Wherefore, this defendant says that the plaintiff is not entitled to foreclose said mortgages, because when this plaintiff elected to sue the makers of said notes at law, when at

such time they did not hold the title to said property, she waived and abandoned her mortgage security, and because when she elected to sue at law on the last of the series of the three mortgage notes, and she at that time held the notes now attempted to be foreclosed on, and said notes were at that time due and payable, she abandoned the right to now sue on said notes and said past due notes, not sued upon, merged in said Judgment, and that this Defendant and J. W. Souter, paid said Judgment and are entitled to be subrogated under said mortgages and enforce and foreclose the same against the intervening claimants upon payment to the Plaintiff of the sums due her for such part of said tax certificates as the Court may find a valid lien against said lands and necessary to be purchased in order to protect said mortgages, and that upon payment to the plaintiff for the sums so found to be due for such tax certificates this defendant be allowed to file his cross bill or counterclaim in this suit against all other proper defendants in this suit, and foreclose said mortgages and tax certificates in said suit."

These allegations when taken alone, or in connection with the other allegations of the answer and counterclaim, utterly fail to show a state of facts entitling the defendant to either defensive or affirmative relief.

There was no reversible error committed in the entry of the orders complained of and the same are, therefore, affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.